UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02cr94-1-W[1]-02

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J. ELEAZAR TEODORO-BASILIO, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's document captioned as a Petition for a Writ of Error Audita Querela under 28 U.S.C. § 1651, filed July 6, 2010. (Doc. No. 506).

**PROCEDURAL BACKGROUND**

On June 10, 2002, Defendant pled guilty, pursuant to a written Plea Agreement, to conspiring to possess with intent to distribute and to distribute at least 10,000 but less than 30,000 kilograms of marijuana and at least 500 grams but less than two kilograms of cocaine powder, in violation of 21 U.S.C. §§ 846 and 841 (Count One), and to conspiring to launder money, in violation of 18 U.S.C. § 1956(h) (Count Four). (Doc. Nos. 137 and 145). On February 19, 2003, the Court held Defendant's Sentencing Hearing at which time it concluded, based upon the United States Probation Office's calculations, that Defendant's total offense level for Count One was 39, his criminal history category was I, and his corresponding range of

---

[1] This case is assigned to the Honorable Frank D. Whitney, United States District Judge. However, the instant Order has been signed by the Honorable Graham C. Mullen, Senior United States District Judge, in Judge Whitney's absence. See 3:11mc67-W, Doc. No. 1.
1

imprisonment at 262 to 327 months; and that he was subject to a concurrent maximum term of 240 months on Count Four. (Doc. No. 498 at ¶ 61). The Court sentenced Defendant to 262 months on Count One and to a concurrent term of 240 months on Count Four. (Doc. No. 223). Defendant timely appealed his case to the Fourth Circuit Court of Appeals; however, his appeal was dismissed. United States v. Teodoro-Basilio, No. 03-4218 (4th Cir. Jan. 15, 2004) (unpublished).

Thereafter, on December 9, 2004, Defendant filed a Motion to Vacate alleging that he had received ineffective assistance of counsel. (Civil Case No. 3:04cv609-1-MU, Doc. No. 1). However, on March 2, 2005, the Court entered an Order dismissing Defendant's Motion for lack of merit. (Id., at Doc. No. 2). Defendant filed a Motion for Reconsideration (Id. at Doc. No 4), which also was denied (Id. at Doc No. 6). Thereafter, Defendant appealed the denial of his Motion for Reconsideration, but his appeal was dismissed by the Circuit Court of Appeals. United States v. Teodoro-Basilio, 231 F. App'x 266 (4th Cir. June 28, 2007) (unpublished).

Defendant has now filed the instant Petition for Writ of Error Audita Querela pursuant to 28 U.S.C. § 1651. (Doc. No. 506). Such Petition purports to raise claims under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny. However, for the reasons set forth hereafter, the Court has determined that this avenue of relief is not available to Defendant.

**ANALYSIS**

As this Court previously has observed the "'All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Bailey v. United States, 2010 WL 3895508, slip. at * 1 (W.D.N.C. Sept. 30, 2010) (quoting Carlisle v. United States, 517 U.S. 416, 419 (1996)). Thus, the Fourth Circuit Court of

Appeals has stated that a "writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. § 2255." Alonzo v. United States, 368 F. App'x 467 (4th Cir. March 5, 2010) (unpublished) (internal quotation marks and citation omitted). As the Ninth Circuit Court of Appeals has explained, the writ cannot be invoked in order to enable a defendant to file a § 2255 claim but avoid compliance with the rules governing such motions. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001). In other words, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by common law writs." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), opinion amended on rehearing, 530 F.3d 1183 (9th Cir. 2008).

In the instant case, Defendant already has unsuccessfully pursued collateral relief by the § 2255 Motion that he filed in 2004. Nevertheless, the instant Motion now seeks to bring a new collateral challenge to Defendant's convictions and sentences on the basis of the Apprendi line of cases. Suffice it to say, however, Defendant's efforts are little more than a thinly veiled attempt to proceed with a successive habeas petition. Under these circumstances, the Antiterrorism and Effective Death Penalty Act of 1996 requires that before a second or successive motion to vacate can be filed, the movant must first obtain an order from the circuit court of appeals authorizing the district court to entertain the new motion. 28 U.S.C. § 2244. Defendant simply may not circumvent that requirement by raising his claims in a petition for a writ of audita querala. Carrington, 503 F.3d at 890.

## CONCLUSION

The writ of audita querela is not available to Defendant because he merely seeks to make a habeas-style attack on his convictions and sentences. Furthermore, because Defendant already

3

has made an unsuccessful habeas attack on those matters, he may not proceed under § 2255 with the instant claims without first obtaining pre-filing authorization for his claims at the Fourth Circuit Court of Appeals. Therefore, the instant Petition must be denied.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Petition for Writ of Error Audita Querela under 28 U.S.C. § 1651 (Doc. No. 506) is **DENIED**.

**SO ORDERED**.

Signed: December 15, 2011

Graham C. Mullen
United States District Judge